UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LARRY COPELAND | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Civil Action No. 10-6749** |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DISCOVERY CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Larry Copeland and Defendant

Experian Information Solutions, Inc. through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or

exhibited by and among the parties to this action relating to trade secrets, confidential research,

development, technology or other proprietary information belonging to the defendants and/or

personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be *for good cause shown in the Declaration of Kathy Centanni, dated June 23, 2011.*

and hereby is made by this Court on the following terms:

1.      This Order shall govern the use, handling and disclosure of the following

categories of documents generated by Experian in response to the instant lawsuit: (1)

Administrative Reports; (2) Dispute Response Logs (or "D/R") Logs; (3) Disclosure Request

Logs; and (4) Transaction Logs (collectively, the "Confidential Code Documents").

Additionally, if requested by Plaintiff, this Order shall govern the use, handling and disclosure of

the Admin Handbook, the Consumer Investigation Procedures Participant Guide, the Mixed File

Procedures Participant Guide, and the Incentive Guidelines, and any other material or policy

guidelines used by Experian (collectively, the "Confidential Policy and Procedure Manuals"). This Order shall further govern the use of any testimony, materials or other information regarding the highly confidential internal codes and other information contained in the Confidential Code Documents and in the Confidential Policy and Procedure Manuals.

2.   Any party or non-party producing ~~or filing documents or~~ other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.   If a Producing Party believes in good faith that, despite the provisions of this Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those Particular documents as "Confidential—Attorneys' Eyes Only."

4.   *Any request to seal information submitted in connection with a request for nondiscovery relief shall be filed via formal motion under L.Civ.R 5.3. A party intending to file such a motion shall contact Chambers for instructions concerning the format of the motion. Designation under this Order alone is not a sufficient basis to seek to seal.*

~~To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court, or in an arbitration proceeding, incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.~~

5.   All documents, *deposition* transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever

- 2 -

Case 2:10-cv-06749-FSH-PS Document 10-1 Filed 06/29/11 Page 3 of 9 PageID: 64

other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6.      Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, or deposition any document, transcript ~~or pleading~~ given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.      Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys Eyes Only", or pursuant to prior Order after notice, any document, transcript ~~or pleading~~ and deposition given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a)

- 3 -

Case 2:10-cv-06749-FSH-PS   Document 10-1   Filed 06/29/11   Page 4 of 9 PageID: 65

the Receiving Party's Outside Counsel of record in this action, as well as employees of said

Counsel to whom it is reasonably necessary to disclose the information for this litigation and

who have signed the "Agreement to Be Bound by Discovery Confidentiality Order" that is

attached hereto as Exhibit A; (b) Experts specifically retained as consultants or expert witnesses

in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A);

(c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom

disclosure is reasonably necessary for this litigation and who have signed the "Declaration of

Compliance" (Exhibit A); and (e) the author of the document or the original source of the

information.

8.      Documents produced pursuant to this Order shall not be made available to any

person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order,

agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9.      All persons receiving any or all documents produced pursuant to this Order shall

be advised of their confidential nature. All persons to whom confidential information and/or

documents are disclosed are hereby enjoined from disclosing same to any person except as

provided herein, and are further enjoined from using same except in the preparation for and trial

of the above-captioned action between the named parties thereto. No person receiving or

reviewing such confidential documents, information or transcript shall disseminate or disclose

them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the

purposes specified herein, and in no event shall such person make any other use of such document or

transcript.

Case 2:10-cv-06749-FSH-PS Document 10-1 Filed 06/29/11 Page 5 of 9 PageID: 66

10.     Nothing in this Order shall prevent a party from using at deposition, arbitration or

trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes

Only", ~~provided the designated documents do not become part of the public record.~~ *but nothing herein shall constitute a ruling as to whether the document or proceeding will be sealed.*

11.     This Order has been agreed to by the parties to facilitate discovery and the

production of relevant evidence in this action. Neither the entry of this Order, nor the designation

of any information, document, or the like as "Confidential," nor the failure to make such

designation, shall constitute evidence with respect to any issue in this action.

12.     Within sixty (60) days after the final termination of this litigation, all documents,

transcripts, or other materials afforded confidential treatment pursuant to this Order, including

any extracts, summaries or compilations taken therefrom, but excluding any materials which in

the good faith judgment of counsel are work product materials, shall be either destroyed or

returned to the individual or entity having produced or furnished same. *(other than materials submitted to the Court).*

13.     In the event that any party to this litigation disagrees at any point in these

proceedings with any designation made under this Order, the parties shall first try to resolve such

dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting

to the designation may seek appropriate relief from this Court *via the joint letter protocol set forth in the pretrial scheduling order.* During the pendency of any

challenge to the designation of a document or information, the designated document or

information shall continue to be treated as "Confidential" subject to the provisions of this Order.

14.     Nothing herein shall affect or restrict the rights of any party with respect to its

own documents or to the information obtained or developed independently of documents,

transcripts and materials afforded confidential treatment pursuant to this Order.

15.     The Court retains the right to allow disclosure of any subject covered by this

~~stipulation~~ *Order* or to modify this ~~stipulation~~ *Order* at any time in the interest of justice.

Case 2:10-cv-06743-FSH-PS   Document 10-1   Filed 06/29/11   Page 6 of 9 PageID: 67

Dated:  June __, 2011                          Respectfully submitted,


                                               /s/
                                               Dorothy A. Kowal, Esq.
                                               Price, Meese, Shulman & D'Arminio, P.C.
                                               50 Tice Boulevard
                                               Woodcliff Lake, NJ  07677
                                               Telephone:  (201) 391-3737
                                               Fax:  (201) 391-9360
                                               E-Mail:  dkowal@pricemeese.com

                                               *Attorney for Defendant*
                                               *EXPERIAN INFORMATION SOLUTIONS, INC.*



                                               /s/
                                               Mark D. Mailman, Esq.
                                               Geoffrey H. Baskerville, Esq.
                                               Francis & Mailman, P.C.
                                               Land Title Building, 19th Floor
                                               100 South Broad Street
                                               Philadelphia, PA  19110
                                               Fax:  215-940-8000
                                               Email:   mmailman@consumerlawfirm.com
                                               Email:   gbaskerville@consumerlawfirm.com

                                               *Attorneys for Plaintiff*
                                               *LARRY COPELAND*

Case 2:10-cv-00749-FSH-PS   Document 10-1   Filed 06/29/11   Page 7 of 9 PageID: 68

IT IS SO ORDERED.


Dated: _June 29_, 2011

_____
UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate

Case 2:10-cv-06749-FSH-PS Document 10-1 Filed 06/29/11 Page 8 of 9 PageID: 69

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4    I have received a copy of the Discovery Confidentiality Order entered in this action on _____, 2010.

5.    I have carefully read and understand the provisions of this Discovery Confidentiality Order.

6.    I will comply with all provisions of this Discovery Confidentiality Order.

7.    I will hold in confidence, and will not disclose to anyone not qualified under the Discovery Confidentiality Order, any information, documents or other materials produced subject to this Discovery Confidentiality Order.

8.    I will use such information, documents or other materials produced subject to this Discovery Confidentiality Order only for purposes of this present action.

9.    Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Discovery Confidentiality Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Discovery Confidentiality Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.    I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Discovery Confidentiality Order in this Action.

Case 2:10-cv-06749-FSH-PS Document 10-1 Filed 06/29/11 Page 9 of 9 PageID: 70

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2011 at _____.


_____
QUALIFIED PERSON